# 24-2549

UNITED STATES COURTS OF APPEALS
FOR THE SECOND CIRCUIT

_____

EMANUEL STRONG,

Plaintiff-Appellant,

v.

THE CITY OF NEW YORK,

Defendant- Appellee.

_____

On Appeal from the United States District Court
For the Southern District of New York

_____

Brief of Appellant Emanuel Strong

Emanuel Strong, Pro Se
74 Cedar Swamp Road Apt. 1
Glen Cove, New York 11542
(516) 263-8443

TABLE OF CONTENTS

                                                                              Page

Table of Contents …………………………………………………….  2

Table of Authorities …………………………………………………   3

Statutes & Rules ……………………………………………………   3

Statement of Subject Matter and Appellate Jurisdiction ……………………  4, 5

Statement of the Issues Presented for Review ………………………………  6

Statement of the Case ……………………………………………………. 7

Statement of the Facts ……………………………………………….  8, 9

Summary of the Argument ……………………………………………  10

Argument ………………………………………………………… 10 - 12

Conclusion ………………………………………………………….  13

Certificate of Compliance …………………………………………….  14

Certificate of Service ………………………………………………….  15

## Table of Authorities

*Enron Oil Corp. v. Diakuhara,*
    10 F.3d 90 [2d Cir. 1993] ……………………………………………...  11

*Gill v. Stolow,*
    240 F.2d 669, 670 [2d Cir. 1957] ……………………………………..  11

*Hallock v. Bonner,*
    385 F. 3d 147 (2d Cir. 2004) ……………………………………….....  4

*In re Men's Sportswear, Inc. v. Sasson Jeans, Inc.,*
    834 F.2d 1134, 1138 [2d Cir. 1987] ……………………………………  12

*Schwartz v. City of New York,*
    57 F.3d. 236, 237 (2d Cir. 1995) ………………………………………  5

### STATUTES

42 U.S.C. § 1331  …………………………………………………………………  4
42 U.S.C. § 1983  ……………………………………………………………… 4, 7
42 U.S.C. § 14111 ...……………………………………………………………… 4, 7

### RULES

FED. R. CIV. P. 4(e)(2)(A) ………………………………………….  10
FED. R. CIV. P. 11(a)  ……………………………………………………… 10, 11
FED. R. CIV. P. 12(a)(1)(A) …………………………………………....  7
FED. R. CIV. P. 12(a)(1)(A)(i) …………………………………………  10
FED. R. CIV. P. 15  ……………………………………………………….  10
FED. R. CIV. P. 55  ……………………………………………………….  11
FED. R. CIV. P. 55(a) ……………………………………………………….  11
FED. R. CIV. P. 55(b) ……………………………………………………….  11
FED. R. CIV. P. 55(b)(1)  ..…………………………………………………….  11
FED. R. CIV. P. 55(b)(2)  ..…………………………………………………….  11

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION

(a) The complaint presented to the United States District Court of the Southern District of New York (SDNY) was a federal question, pursuant to 28 U.S.C. § 1331, as Appellant, Emanuel Strong ("Appellant"), alleged that the Appellee, the City of New York ("Appellee"), violated his federal protected rights, under the Americans with Disabilities Act, pursuant 42 U.S.C. § 14111 and 42 U.S.C. § 1983, and received a right to sue from the U.S. Department of Labor.

(b) This is an interlocutory appeal by use of the Collateral order doctrine, *Hallock v. Bonner,* 385 F. 3d 147 (2d Cir. 2004). The magistrate judge made an order that: [i] conclusively determined the disputed question, by erroneously striking Appellant's entire complaint and directing Appellee to disregard filing an answer; [ii] resolved an important issue completely separate from the merits of the action, by subsequently terminating action when striking the only complaint served upon Appellee and denying Appellant a default judgment because answer was pass due; and [iii] was effectively unreviewable on appeal from a final judgment, by the Order not resolving any issues in the complaint, or being a final judgment.

(c) On August 22, 2024, U.S. Magistrate Judge Gary Stein ("Hon. Stein") entered an order recorded as Docket Number 21 ("Order").

4

On Monday, September 23, 2024, Appellant Emanuel Strong filed for an interlocutory appeal with the SDNY. The application filed was timely pursuant to Rule 4 of Federal Rules of Appellate Procedure (FRAP).

On Monday, December 23, 2024, this brief will be timely served upon the Appellee and its counsel Eva L. Jerome, and filed with the U.S. Court of Appeals for the Second Circuit.

(d) This appeal is from an interlocutory order that [i] conclusively determine the disputed question, [ii] resolve an important issue completely separate from the merits of the action, and [iii] be effectively unreviewable on appeal from a final judgment. This Court has jurisdiction pursuant to the Collateral Order Doctrine as was established in *Schwartz v. City of New York,* 57 F.3d. 236, 237 (2d Cir. 1995).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The three (3) issues presented to this Court are:

(a)  Whether the District Court may strike and remove the Plaintiff-Appellant's entire and only complaint served upon Defendant-Appellee.

(b)  Whether the District Court may relieve the Defendant-Appellee from serving and filing an answer to the Plaintiff-Appellant's complaint.

(c)  Whether the District Court may deny Plaintiff-Appellant's right to a default judgment for erroneous cause, after Defendant-Appellee failed to answer or respond to the complaint.

## STATEMENT OF THE CASE

The nature of the action involves a 42 U.S.C. § 1983 claim against Appellee for violation of Appellant's rights under 42 U.S.C. § 12111, by demanding, coercing, retaliating, and forcing Appellant to work full-duty posts, as a peace officer, when Appellant was documented as disabled, to only work light-duty posts.

The cause for the Appellant's appeal to this Court involve the fatal determination of Hon. Stein's Order to strike the complaint, and thus terminate the action because the Appellee did not answer timely. Whereas, defendants are required to answer, pursuant Rule 12(a)(1)(A) of Federal Rules of Civil Procedure (FRCP), and plaintiffs are entitled to default judgment for a defendant's failure to answer, pursuant to Rule 55 of FRCP, the Order was not proper.

Appellant filed the complaint (Dkt. No. 1) with SDNY on March 27, 2024, and the complaint was amended (Dkt. No. 17) on July 22, 2024. The amended complaint (Dkt. No. 17) was served on the Appellee on July 25, 2024, and SDNY indicated that Appellee's answer was due by August 15, 2024, in Docket No. 18.

On August 19, 2024, Appellee sent a request for a time extension motion-letter (Dkt. No. 20) to U.S. Judge John P. Cronan ("Hon. Cronan").

On August 22, 2024, in response to Appellee's request for a time extension, Hon. Stein determined Order (Dkt. No. 21).

7

STATEMENT OF THE FACTS

On March 27, 2024, Appellant filed the complaint (Dkt. No. 1) with SDNY. The complaint was in neglect of several facts and causes of action.

On July 22, 2024, Appellant amended complaint the complaint (Dkt. No. 17) prior to serving defendants. Appellant made several corrections, including several facts and occurrences, and expanded the causes of action against Appellee. The first amended complaint was filed with SDNY on July 25, 2024.

On July 25, 2024, the amended complaint was served on the Appellee (Dkt. No. 18). SDNY verified that complaint was properly served and indicated that Appellee's answer was due by August 15, 2024.

On August 19, 2024, Appellee sent a request for a time extension motion-letter (Dkt. No. 20) to Hon. Cronan.

On August 22, 2024, in response to Appellee's request for a time extension, Hon. Stein determined Order (Dkt. No. 21). The Order cited:

1. Plaintiff's July 16 motion to add Maginley- Liddie and Grey as defendants (Dkt. No. 16) is **DENIED** as moot;

2. The Clerk is respectfully directed to **STRIKE** Plaintiff's amended complaint at Docket No. 17;

3. Defendants' August 19 letter-motion for an extension of time or otherwise respond to Plaintiff's amended complaint (Dkt. No. 20) is **DENIED** as moot; and

4. Defendants are directed to inform the district court as to whether they consent to Plaintiff filing the amended complaint attached to his August

16, 2024 motion (Dkt. No. 19) by no later than **August 29, 2024**. If Defendants do not consent, they may propose a deadline to submit a brief in opposition to Plaintiff's motion.

## SUMMARY OF THE ARGUMENT

At this moment, Appellant was deserving of a default judgment, pursuant to the Rules governed in Federal Rules of Civil Procedure but the Order (Dkt. No. 21), made by Hon. Stein, denied Appellant of that right, and subsequently and erroneously terminated the entire action, without merit.

## ARGUMENT

On July 25, 2024, Appellant properly served Appellee with first amended complaint (Dkt. No. 17 & 18), pursuant to Rule 4(e)(2)(A) of FRCP which was verified by SDNY. SDNY determined that the appellee was to serve and file an answer by August 15, 2024, pursuant to Rule 12(a)(1)(A)(i) of FRCP.

Appellant had a right to amend the complaint once, within twenty-one (21) days after serving the Appellee the complaint, pursuant to Rule 15 of FRCP.

Pursuant to Rule 15 of FRCP, Appellant had a right to amend the complaint and serve the amended complaint upon Appellee, first.

On August 16, 2024, Appellant served and filed a motion requesting permission to amend the complaint (Dkt. No. 19). Several errors were corrected in the complaint.

On August 19, 2024, Appellee served and filed a motion-letter requesting for a time extension (Dkt. No. 20), with SDNY. The request was not signed, which made the motion defective, pursuant to Rule 11(a) FRCP.

Appellee did not answer the complaint, to date. Appellee's answer or response had passed expiration upon its serving and filing for a time extension, thus being in default, pursuant to Rule 55(b)(1) & (2) of FRCP.

On August 22, 2024, in response to Appellee's request for a time extension, Hon. Stein determined Order (Dkt. No. 21), which: stricken Plaintiff's only complaint served on the defendants; relieved Appellee from answering the complaint entirely; and denied Appellant of a default. The merit of the determination is unknown and is erroneous.

Based on Appellee's failure to serve and file an answer at all, Appellant must be granted a default judgment pursuant to Rules 11(a) and 55(a) &(b) of FRCP.

On August 21, 2024, Appellant filed for the district court clerk's office file a default judgment within SDNY, pursuant to Rule 55(a) of FRCP.

Pursuant to *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90 [2d Cir. 1993], citing *Gill v. Stolow,* 240 F.2d 669, 670 [2d Cir. 1957] quoting "general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default", this Court determined in favor of the plaintiff party where the defendant party did not show a "good cause" for its default of Rule 55 of FRCP.

This Court had determined that the factors to determine in favor of reversing a default must be: (1) whether the default was willfull; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is

11

presented. *See, e.g., In re Men's Sportswear, Inc. v. Sasson Jeans, Inc.,* 834 F.2d 1134, 1138 [2d Cir. 1987].

The appellee has vast qualified and experience staffing and counsel, which its failure to file an answer and failure to sign motions should be identified as a willful default and where no defense was made.

CONCLUSION

Based on the foregoing, Appellant respectfully request that this Court reverse the decision and order of the district court with a finding of fact in favor of the appellant. In the alternative the court should remand that the appellant's amended complaint (Dkt. No. 17) be renewed or have the complaint replaced by amended complaint (Dkt. No. 19), and remand that appellee's failure to answer complaint, served upon, to date, was in default and under correct instructions as is just and proper.

                                                  Respectfully submitted

                                                  /s/ Emanuel Strong
                                                Emanuel Strong, Pro Se
                                                Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

I, Emanuel Strong, certify that this brief contains 1867 words.

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

_____

| | |
|---|---|
| EMANUEL STRONG | **CERTIFICATE OF SERVICE** |
| Plaintiff-Appellant | Docket Number # 24-2549 |
| v. | |
| THE CITY OF NEW YORK, et al., | |
| Defendant-Appellees | |

_____

I, Emanuel Strong, hereby certify under penalty of perjury that on December 23, 2024, I served a copy of the Brief of Appellant Emanuel Strong & Appendix of Appellant Emanuel Strong by E-mail and United States Mail, on:

The City of New York via ejerome@law.nyc.gov

The City of New York via 100 Church Street New York, New York 10007

Date: December 23, 2024                   /s/ Emanuel Strong_____
                                                             Signature